

FILED
OCT 22 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| LAWRENCE F. ROEDEL, | ) | CV 10-71-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN LAW; ATTORNEY GENERAL | ) | |
| OF THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Roedel, a state prisoner proceeding pro se, brought this action pursuant to 28 U.S.C. § 2254. Magistrate Judge Lynch entered Findings and Recommendation in this matter on September 15, 2010. Judge Lynch recommended denying the petition on the merits. Petitioner timely objected to the Findings and Recommendation on September 28, 2010. He is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects.

1

28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Despite Petitioner's objections, I agree with Judge Lynch's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Petitioner first objects that Judge Lynch incorrectly found Sergeant Carlson to have testified that Roedel told him "he shot [Thompson] in the back." Findings at 9. Judge Lynch's finding is not incorrect. See Trial Tr. at 186:9-10.

Next, Roedel objects that he only acknowledged three shots being fired in quick succession on the night in question because he did not want to disagree with statements made by his neighbors. The objection ignores Judge Lynch's finding that Roedel has given–indifferent to his neighbors' statements–various and inconsistent accounts of what happened on the night in question. Accordingly, I find no fault with Judge Lynch's recommendation to deny this claim.

Roedel also objects that Judge Lynch mischaracterizes voir dire as a process to screen out jurors incapable of being impartial. Judge Lynch's characterization is correct. See, e.g., Fields v. Brown, 431 F.3d 1186, 1192 (9th Cir. 2005). In the same vein, Roedel also argues the trial court deliberately misrepresented voir dire

2

to require "the truth" be told, and this was done to set-up his lawyer as a liar. The argument is frivolous. Voir dire requires truthful disclosures to allow the parties to identify juror bias. Id. at 1197. There is no indication that the state court misrepresented what voir dire is, or otherwise construed it differently than Judge Lynch. What Roedel is really taking aim at is his counsel discussing media reports during voir dire that labeled counsel a liar. I agree with Judge Lynch that raising the issue during voir dire to explain himself and the coverage was within the "range of reasonable professional assistance," Strickland v. Washington, 466 U.S. 668, 687-88, (1984), and doing so did not prejudice Roedel. Id. at 694.

Next, Roedel objects to Judge Lynch's recommendation to dismiss his claim of judicial bias. In the claim, Roedel contends the court and attorneys likely received investment solicitations by mail from private prison companies, that his ex-wife had relations with a judge who in turn had an affair with the trial judge, and his retained trial counsel might have been affiliated with the Jehovah's Witnesses. These claims of bias are based on rumor. Roedel argues, however, that he has been denied the opportunity to investigate his bias claims, and thus they should not be dismissed. Habeas is meant to "correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" Rich v. Calderon, 187 F.3d 1064,

1067 (9th Cir. 1999) (quoting Calderon v. United States Dist. Court (Nicolaus), 98 F.3d 1102, 1106 (9th Cir. 1996)).

Roedel also challenges Judge Lynch's conclusion that a reasonable juror could have found Roedel guilty of the crime charged. In doing so, Roedel ignores Judge Lynch's six-page description of the evidence supporting the jury's decision. Instead, Roedel contends Thompson posed a threat to him. He supports this contention by claiming the prosecutor acknowledged that Thompson fled the building, and noting some witnesses testified to a delay between the second and third gunshots. It is unclear how this undermines the jury's determination that Roedel knowingly caused Thompson's death by shooting at her when she posed no threat to him. Some evidence to the contrary does not entitle Roedel to habeas corpus relief. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). A reasonable juror could still have found that Roedel shot his wife who posed no threat to him. See Findings at 2-8.

Next, Roedel objects to Judge Lynch's conclusion that Kleiv did not perjure himself. He argues testimony and evidence contradict Kleiv's testimony of three shots being fired in quick succession. Conflicting evidence does not establish that Kleiv provided false testimony, let alone that he did so deliberately.

Roedel also takes exception to Judge Lynch's finding that the police did not

suppress evidence that Thompson fired the murder weapon. Roedel does not dispute that no such evidence was suppressed, but instead argues bias led the prosecution not to obtain evidence that would prove Thompson fired the gun twice. He also contends page 21 of the Findings "is too insane to argue." Objections at 18. I find no evidence of bias that would support a Brady claim here. Additionally, I agree with Judge Lynch's findings and analysis on page 21.

Judge Lynch recommends denying Roedel's claim that the victim was outside of the building when she was shot. In support of this recommendation, Judge Lynch noted "the evidence that she was [not outside the building] when she was shot included the path the bullet took through her body, the abrasions on her legs, the position of her body, the loose gunpowder on her body, the state of the bullet found in the ragged bullet hole, and . . . Roedel's own statements." Findings at 22. Roedel contends the bullet wipe and bullet angle establish that Thompson was outside the building. Neither the bullet wipe nor the bullet angle are inconsistent with Judge Lynch's finding. Moreover, Roedel ignores the other evidence supporting the finding, as well as the fact that his theory does not fit the evidence. See Findings at 22.

Roedel also objects that Detective Landis "deliberately lost" trace evidence and perjured herself. It is unclear what the exact contours of Roedel's objections

5

are to Judge Lynch's findings on these claims. Roedel refers to "Lady Landis frolics" and crucial tests that would show the victim was found with gunshot residue on her hands were not conducted. He also accuses Landis of being "disconnected." The objections concerning Detective Landis are denied. The jury knew gunshot residue was found on the victim's hands, and there is no reason to believe Landis deliberately destroyed crucial evidence. Nor is there any suggestion that Landis perjured herself in her statements about the phone in Roedel's bedroom.

Judge Lynch recommended Roedel's claim that counsel failed to investigate his updraft theory be denied. Roedel does not so much object to Judge Lynch's analysis or conclusion but instead argues the science behind updrafts. In doing so, Roedel misses the mark. As Judge Lynch put it, "[w]hether [the updraft] existed or not, the chimney effect would not undermine any particular evidence to the extent of making an acquittal a realistic probability." Findings 24. I agree.

Next, Roedel objects to Judge Lynch's recommendation to deny his claim that the prosecution's remarks during the closing argument were speculative and based on conjecture. Roedel's objection, in essence, reargues that the prosecution's closing argument was "objectionable across the board" because it included conjecture. There is no constitutional basis to challenge the

6

prosecution's closing argument here. Roedel fails to establish that the prosecution manipulated or otherwise misstated the evidence. Moreover, the trial court instructed the jury that it was "to be governed solely by evidence introduced in trial and the law as stated [by the trial judge]," and not be governed by "conjecture." Trial Tr. at 678:11-14. "The Court presumes that jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them." Francis v. Franklin, 471 U.S. 307, 324 n.9 (1985).

Judge Lynch also recommended denying Roedel's claim regarding evidence of the victim's motive to kill him. Judge Lynch found the evidence does not call into question the jury's verdict because the victim's motive is not relevant considering Roedel is not arguing he killed in self defense and the evidence just as reliably suggests that he killed Thompson in response to her desire to leave him. Roedel objects that introducing the evidence would show Thompson was the aggressor, which would support a theory of accidental shooting. The evidence is not material. See Strickler v. Greene, 527 U.S. 263, 280 (1999). Both the connection between the evidence and the motive, and the motive and Roedel's accidental shooting theory are tenuous at best. As such, the evidence described by Roedel does not undermine the jury's verdict.

7

Roedel also objects to Judge Lynch's recommendation to deny his claim of fabricated evidence. Judge Lynch noted Roedel does not identify any evidence that was fabricated. In his objection, Roedel says the matter is well covered in his brief and he disagrees with Judge Lynch. Notably, Roedel does not direct the Court to where in his brief he specifically identifies what evidence was fabricated. Regardless, after reviewing the exhibits and Roedel's brief, I agree with Judge Lynch that Roedel has failed to identify any fabricated evidence or otherwise state such a claim.

Finally, Roedel objects to a variety of supposed errors in the state proceedings, but he does not allege any realistic possibility that the errors affected the outcome of the trial.

I find no clear error in Judge Lynch's remaining findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendation (dkt #15) are adopted in full.

IT IS FURTHER ORDERED that Roedel's petition (dkt ## 1, 6, 7, 11) is DENIED on the merits. The Clerk of Court shall enter judgment in favor of Respondents and against Petitioner Roedel.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Finally, IT IS ORDERED that Roedel's Motion to Hold and Freeze Evidence (dkt #16) is DENIED as moot.

Dated this 22nd day of October, 2010.

Donald W. Molloy, District Judge
United States District Court